NO. 07-02-0250-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 28, 2002

_____

SAMMY CHAVEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 287TH DISTRICT COURT OF BAILEY COUNTY;

NO. 2104-B; HONORABLE GORDON GREEN, JUDGE

_____

Before REAVIS and JOHNSON, J.J., and BOYD, S.J.[1]

On June 5, 2002, a copy of a Notice of Appeal in cause No. 2104-B in the 287th District Court of Bailey County, Texas (the trial court), was filed with the clerk of this court (the appellate clerk). The document filed gives notice that Sammy Chavez desires to appeal from a conviction and sentence in such court and cause number. On June 25, 2002, a docketing statement was filed with the appellate clerk which sets out that the

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

appeal is from a judgment or order dated May 8, 2002, and that an affidavit of indigency was filed on May 24, 2002.

On July 25, 2002, a request for extension of time for filing the clerk's record was filed with the appellate clerk. By such request, the District Clerk of Bailey County (the trial court clerk) advised that the clerk's record had not been paid for and no arrangements had been made to pay for the record. Pursuant to further requests, the times for filing the clerk's record and the reporter's record have been extended. Neither the clerk's record nor the reporter's record has been filed, and the appellate clerk's record reflects no other action by any party to the appeal to prosecute the appeal.

Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 37.3(a)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then whether appellant is indigent; (3) if appellant desires to prosecute this appeal, whether appellant is entitled to have the clerk's and reporter's records furnished without charge; and (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the clerk's and reporter's records will be promptly filed and that the appeal will be diligently pursued.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a clerk's record on remand; (3) enter any orders appropriate to the circumstances; (4) cause the hearing proceedings to be transcribed and included in a reporter's record; and (5) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the reporter's record. In the absence of a request for extension of time from the trial court, the clerk's record on remand, reporter's record of the hearing and proceedings pursuant to this order, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than November 29, 2002.

Per Curiam

Do not publish.

3